# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE RAY HURD,<br><br>　　　　　　　　Petitioner,<br>vs.<br><br>L.E. SCRIBNER, Warden,<br><br>　　　　　　　　Respondent. | CASE NO. 06CV0413-LAB (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

After exhausting his state remedies, Petitioner, a state inmate proceeding *in forma pauperis* and *pro se* filed his petition for writ of habeas corpus challenging the findings of a prison disciplinary hearing. On February 9, 2004, Petitioner was convicted under 15 Cal. Admin. Code § 3016(a) of possessing inmate-manufactured alcohol, resulting in a loss of behavioral credits.

Pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d), this matter was referred to Magistrate Judge Jan Adler for report and recommendation. Judge Adler issued his report and recommendation (the "R&R"), to which Petitioner filed objections.

"The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, this

///

Court must review those parts of the report and recommendation to which a party has filed a written objection.

Petitioner makes the following specific objections:

1. The disciplinary determination rested on testimony that is not evidence;
2. The state court decision was based on an unreasonable determination of facts in light of the evidence;
3. The state court decision is contrary to clearly established federal law as established by the U.S. Supreme Court;
4. Petitioner was denied due process of law because no competent evidence supported the determination of his guilt; and
5. The R&R improperly made credibility determinations and drew inferences against Petitioner when valid factual inferences in Petitioner's were possible.

Objections 2 and 3 state the standard for habeas relief under AEDPA, *see* 28 U.S.C. § 2254(d)(1); *Mitchell v. Esparza*, 540 U.S. 12, 15 (2003) (per curiam), and argue the R&R deviated from this standard. Objections 1 and 4 are objecting to the sufficiency of the evidence at the disciplinary hearing and the Court will address these together.

In determining whether the state court's denial of habeas relief was contrary to or was based on an unreasonable application of clearly established federal law, the Court reviews the last reasoned decision by the state court, *Ylst v. Nunnemaker*, 501 U.S. 797, 801–06 (1991), which in this case was the California Court of Appeal's decision issued May 20, 2005 and attached as Exhibit H to the petition.

The state appellate court considered Petitioner's arguments that his cellmate was responsible for the presence of the alcohol in their shared cell. Petitioner argued that he was at work when the alcohol was discovered; the alcohol was his cellmate's and he was not responsible for his cellmate's actions; and Petitioner's cellmate had previously accepted responsibility for the alcohol, testifying it was for his own personal use. (Pet., Ex. H at 26.) The state court, however, relied on *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985) as setting forth the "some evidence" standard, and found the conviction was supported by Petitioner's cellmate's testimony that the alcohol belonged to both of them, as well as the fact that the alcohol was discovered in Petitioner's cell. (*Id.*, Ex. H at 27.) The California Court of appeals therefore denied the petition. (*Id.*)

Petitioner has argued these two key pieces of evidence were not evidence at all. In so arguing, he cites Supreme Court authority regarding the weight and relevance of evidence. (Memo. in Supp.

1  of Obj. to R&R at 3–4.) These citations are unavailing, however. The fact that alcohol was found in
2  Petitioner's cell provides some evidence that he had access to it, knowledge of its presence, and
3  control of it. Plaintiff's cellmate's testimony that the alcohol belonged to both of them links Petitioner
4  to the alcohol. These two pieces of evidence, taken together, provide "some evidence" Petitioner
5  possessed alcohol.

6  Petitioner argues his cellmate's testimony does not constitute evidence because it is a
7  conclusory statement of guilt. (Memo. in Supp. of Obj. to R&R at 8.) Citing *Illinois v. Gates*, 462
8  U.S. 213, 239 (1983) and *Sira v. Morton*, 380 F.2d 57, 80 (2d Cir. 2004), Petitioner argues the hearing
9  officer was not permitted to accept his cellmate's statement that he was co-owner of the alcohol,
10 particularly in view of his cellmate's earlier admission that the alcohol was for the cellmate's personal
11 use. Accepting, *arguendo*, these authorities as binding, Plaintiff's argument errs in two ways. First,
12 as the R&R correctly pointed out (R&R at 8:23–9:3), Petitioner's cellmate's two statements are not
13 necessarily inconsistent. Second, Petitioner's cellmate's testimony was not a conclusory statement of
14 culpability, but rather a statement of who owned the alcohol in his cell, something about which he
15 would have had personal knowledge.

16 Finally, Petitioner has argued generally against the reliability of the evidence, and believes
17 the disciplinary board should have reached a different conclusion. With his objections he has also
18 submitted a declaration suggesting his cellmate could have bought the alcohol while he was out of
19 his cell at work. (Kraffic Decl.) Under the "some evidence" standard, however, the Court cannot
20 entertain the contention that the board did not properly weigh the evidence before it, or neglected
21 to consider evidence favoring Petitioner. *Woods v. Carey*, 249 Fed.Appx. 640, 641 (9th Cir. 2007)
22 (citing *Hill*, 472 U.S. at 455–56). Because the board's decision was based on "some evidence," as
23 is required under *Hill*, 472 U.S. at 455–56, Petitioner's first and fourth objections are
24 **OVERRULED**.

25 Petitioner raises questions about the reliability of the evidence. The R&R summarized these
26 arguments, (R&R at 6:28–7:12), and explained why they were insufficient. (*Id.* at 8:16–9:3.)
27 Petitioner apparently objects to the R&R's discussion of the weight of the evidence. This objection
28 / / /

1  is unreasonable, however, in view of the fact that Petitioner urged the Court to find the evidence
2  against him implausible. (Memo. in Supp. of Traverse at 1.)

3  Moreover, Petitioner continues to urge this as a basis for relief. (Memo. in Supp. of Obj. to
4  R&R at 5–6.) He mentions a dispute as to the quantity of alcohol found and argues it was never
5  established whether he or his cellmate initiated the making or purchase of alcohol. These issues are
6  irrelevant, however. The regulation under which Petitioner was convicted, 15 Cal. Admin. Code
7  § 3016(a), provides in pertinent part: "Inmates may not . . . possess . . . or have under their control
8  any . . . alcohol . . . ." Plaintiff has not shown why the amount of alcohol,[1] or his role if any in
9  procuring it, would be relevant.

10  The R&R did not make evidentiary findings or rely on its own opinion regarding the
11  plausibility of the evidence, but rather was providing Petitioner an explanation of how it was
12  possible for him to be convicted. Because the R&R did not rely on its own findings of fact,
13  Petitioner's fifth objection is **OVERRULED**.

14  Petitioner's objections regarding the standards for habeas relief correctly state the law, but
15  reach an incorrect legal conclusion. The remaining objections are therefore **OVERRULED**.

16  The Court has reviewed the R&R and finds it correct. The R&R is therefore **ADOPTED** and
17  the petition is hereby **DENIED**.

18  **IT IS SO ORDERED**.

19  DATED: February 26, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The pleadings make clear the quantity was not negligible. Petitioner's cellmate testified he had two gallons. (Pet., Ex. A at 12 (Rules Violation Report).)